DUNN v. EPPERSON et al.    (No. 1420.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1915.)

EXCEPTIONS, BILL OF 🗝59—CORRECTION—
NECESSITY FOR FRAUD OR MISTAKE—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2063, providing that it shall be the duty of the party taking a bill of exceptions to reduce it to writing, where from allegations in motions to correct bills of exception it appeared that they were made up by the attorney of the moving party, it not being alleged that the defects were due to accident or mistake or to imposition practiced upon the moving party's attorney in making up the bills, or on the judge who approved them, the action of the trial court in overruling the motions for correction was proper.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 106–111; Dec. Dig. 🗝 59.]

Appeal from District Court, Titus County; H. F. O'Neal, Judge.

Action by B. H. Epperson and others against Gordon Dunn and others. From judgment sustaining exceptions of Epperson on motion to correct two bills of exception taken by him, defendant Dunn appeals. Affirmed.

See, also, 175 S. W. 837.

J. G. McGrady, of El Paso, for appellant. Lennox & Lennox, of Clarksville, for appellees.

WILLSON, C. J. This appeal is from a judgment sustaining exceptions of B. H. Epperson and other of the appellees, who were plaintiffs in a suit of trespass to try title against appellant Dunn and appellees Fee, Jackson, and Stewart, to motions made by said Dunn to correct two bills of exception (numbered 3 and 4) taken by him and said Fee, Jackson, and Stewart to the action of the trial court in excluding as evidence a certain judgment and a deed offered by them to prove title in themselves to the land in controversy. The trial of the trespass to try title suit resulted in a judgment in favor of the plaintiffs for the land, and the judgment in that respect on appeal has been affirmed by this court in an opinion not yet published.

In one of the motions it was alleged that Dunn, Fee, Jackson, and Stewart "offered in evidence as a part of their defense a judgment rendered in justice court of precinct 3 of Marion county, Tex., March 29, 1880, in case styled W. L. Harris v. A. U. Wright, J. P. Russell, and R. B. Epperson, Executors of B. H. Epperson, Deceased, No. 2181, and the other entries on said justice docket," to the admission of which the plaintiffs interposed specified objections: That the trial judge "did not then rule on the admissibility of the judgment, but permitted said defendants to read the same in evidence, said judge remarking at the time, in substance, 'We will take it all together, and I will rule on it later'"; that the court did not rule on the admissibility of the judgment "until after all the testimony in said case had been introduced and the argument of counsel heard, and before said presiding judge had announced his decision on the merits in said case he announced his ruling on the admissibility of said judgment, by which he sustained said objections of plaintiffs, held said judgment inadmissible, and excluded same from the evi-

dence, to which ruling said defendants then and there excepted." It was next alleged that Dunn, Fee, Jackson, and Stewart prepared a bill of exceptions showing the action of the court, and presented same to plaintiffs' attorneys, who "objected to some of the verbiage and prepared in lieu thereof bill of exception No. 3, filed herein, which was accepted by attorneys for these defendants as being sufficient, and it was approved by said judge and filed as aforesaid." It was then alleged that at the time the bill was prepared the statement of facts had not been made up in full, and that:

"It was the intention of counsel for said defendants to have said statement of facts show the facts concerning the offering in evidence and reading said justice court judgment and subsequent exclusion of same from evidence, as set out above; they believing same a proper way to show to the court, on appeal by the record, the true facts of said trial."

It was then alleged that Dunn and his co-defendants in a statement of facts they prepared "did set out the facts of offering said justice court judgment in evidence, set out said judgment by its tenor, and the statement of the court aforesaid that he would take it all together and rule on it later, and that later the court sustained said objections and excluded said judgment," and that:

"Counsel for said defendants then presented said statement of facts to the attorneys for plaintiffs for approval, but when plaintiffs examined said statement of facts, they objected to being incorporated therein said proceedings relating to offering said judgment, its reading, remark, and ruling of the court thereon and exception taken, and in order to secure attorneys of plaintiffs signing said statement of facts, attorneys for defendants had to agree with plaintiffs' attorneys for said proceedings to be stricken from said statement of facts relating to said judgment."

It was then alleged:

"In the trial of said case and in preparing the record for appeal defendant Dunn had only one attorney acting for him, viz., J. A. Ward. Soon after said trial, and before said statement of facts was presented to plaintiffs' attorneys, the son and partner of J. A. Ward happened to a fatal accident, and because of such distress to J. A. Ward and his immediate family he did not feel able to act further in preparing said record for appeal, and devolved his further duties in that regard upon the active attorney for said other defendants, who with J. A. Ward was making a common fight as against the plaintiffs."

The prayer was for an order amending and correcting the bill of exceptions so it would show—

"that when defendants offered said justice court judgment in evidence the plaintiffs objected thereto, making the objections shown in said bill; that thereupon said presiding judge, Hon. H. F. O'Neal, remarked in substance, 'We will take it all together, and I will rule on it later;' that thereupon the defendants read said judgment and other entries on the justice docket in evidence; that the court did not make his ruling on the admissibility of said judgment until after all the testimony had been introduced and the argument concluded; that before the court announced his decision or judgment on the merits of the case, he announced his ruling on said objection and excluded said judgment from the evidence, to which ruling defendants then and there excepted."

The bill of exceptions numbered 4 was taken to the action of the court in excluding a deed dated June 7, 1881, purporting to have been made by the sheriff of Titus county to Gulie Hargrove, and to convey the land in controversy. It contained a recital that plaintiffs objected thereto "on several grounds, among which were," and then followed a statement specifying the grounds of the objection. By his other motion Dunn sought to have the word "among," where it occurs in the quotation above, expunged from the bill. The allegations in this motion in other respects were substantially the same as those set out above as in the motion first referred to, except that it contained no allegations as to the making up of the statement of facts, and except that it was alleged therein that the recital in said bill that plaintiffs objected to the deed "on several grounds, 'among' which were," etc., was false in the use of the word "among," "for the truth is [quoting] the only objections made to said deed are those specifically set out in said bill of exceptions No. 4, whereas said bill by using the word 'among' leads to an inference, if not to a belief, that there were other objections made by plaintiffs to said deed besides those set out in said bill," and except that it was also alleged therein that the attorney representing Dunn in the preparation of the bill was informed by plaintiffs' attorney, when same was presented to him, that the bill as prepared "did not embody the objections made by plaintiffs to said deed as full and as formal" as he thought it should; that thereupon plaintiffs' attorney prepared and presented to the attorney representing Dunn in the matter the bill of exceptions No. 4 it was sought by the motion to correct, "saying that he had written same substantially same as the one so presented to him, except that he had made the same show fully and truly the objections which plaintiffs made to the introduction of the sheriff's deed"; that thereupon the attorney representing Dunn "hurriedly glanced over said bill, and relied upon said statement of said Lennox [plaintiffs' attorney], and failed to discover said word 'among' therein, or if he did discover same, he did not realize its meaning and effect, and, believing that the true meaning of the reading of said bill meant that the objections therein set out were all the objections urged or made to the introduction of said deed, accepted same as correct, and had the Hon. H. F. O'Neal, the judge who tried said case, approve same, sign it, and then had it filed." It was not alleged that the bill as prepared by Dunn's attorney and as presented to plaintiffs' attorney did not contain the word "among" in the place it appeared in the bill Dunn sought to have corrected.

We are of opinion the trial court did not err when he overruled the motions. It appears from the record in the trespass to try title suit that the bills of exceptions were approved and filed in the court below May 16, 1914, and that the transcript on the appeal of that suit was filed in this court July 3, 1914. The motions were filed in the trial court October 10, 1914. From the allegations in the motions it appeared that the bills as approved and filed were made up by attorneys representing the parties, including appellant Dunn. It was not alleged that the absence in one of them of the recitals it was sought to add thereto, nor the presence in the other of the word objected to, was due to accident or mistake, or to imposition practiced on either the attorney representing Dunn in the making up of the bills, or on the judge who approved same. On the contrary, it appeared from the allegations that the bills were satisfactory to said attorney at the time they were made up, approved by the judge, and filed. Indeed, it seems from the allegations that at the time said attorney agreed to the bill covering the action of the court in excluding the judgment, he was mindful of the omission therefrom of the recitals it was sought by the motion to add to it, and agreed to the bill as made because he thought any prejudicial effect such omission might have on Dunn's rights would be overcome by recitals he expected the statement of facts to contain when settled and approved. That the expectation was not realized did not, we think, entitle Dunn to have the bill corrected as prayed for. To permit a litigant charged with the duty, as Dunn was, to reduce his bill of exceptions to writing (article 2063, Vernon's Statutes), after he had done so and the bill had been approved as correct and filed as a part of the record, to change it by a proceeding of this kind, without showing that it was materially wrong as the result of accident or mistake or fraud practiced, would result, it is believed, in endless confusion and delay in finally making up the record for an appellate court. It would mean that a litigant who, exercising his own judgment, and uninfluenced by accident, mistake, or fraud, had included in his bill of exceptions everything he thought it should contain, if he afterwards concluded it should have contained matter he had chosen to omit when he prepared it, might, at any time before the cause was finally disposed of in the appellate court, have the omission supplied. And it would mean that a litigant whose duty it was to prepare such a bill could shut his eyes to what it contained when prepared, or if he read it to what the language used meant, agree to it as correct, have the judge approve it as such, have it filed as a part of the record, and then, at any time he might choose to do so before the appeal was finally disposed of, have parts of it stricken out, without showing any better reason why he should be allowed to do so than his own or his attorney's carelessness. It is believed a litigant under such circumstances should be held to be bound by the record as made.

The judgment is affirmed.